IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAMECCA SWISHER,

        Plaintiff,

  v.

JOANNE B. BARNHART, Commissioner of Social Security,

        Defendant.
                                        /

No. C 05-01546 SI

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

Defendant Joanne Barnhart has filed a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for March 3, 2006. Having carefully considered the pleadings filed by the parties, the Court hereby DENIES defendant's motion.

**BACKGROUND**

Plaintiff Shamecca Swisher is an employee of the Social Security Administration ("SSA"). In 2002, she applied for a GS-5/6/7 Service Representative position ("SR Position") in San Leandro. Plaintiff learned that she did not receive the position on June 25, 2002. On the same day, plaintiff emailed her union representative questioning why she did not get the position. The email stated in part:

> Hey Girl, what do you think about this? Is there any way I can see why I didn't get the SR position? I think I am not to[o] sure but the SR may have been selected off the streets. I don't remember if the announcement included off the street candidates plus she just happens to be Hispanic . . . .

As a result of the email, plaintiff's union started an investigation of the reasons plaintiff was not given

the SR Position.

Seventy-six days later plaintiff contacted an Equal Employment Opportunity ("EEO") Counselor, claiming that she had been subjected to race discrimination when she was not selected for the SR Position. On December 31, 2002, plaintiff filed a formal complaint with the SSA. On October 4, 2004, an administrative judge dismissed plaintiff's claim because plaintiff failed to meet with a EEO Counselor within forty-five days of the alleged discriminatory incident as required by 29 C.F.R. §§ 1614.105(a)(1) and 1614.107(a)(2). On October 28, 2004, the SSA adopted the administrative judge's decision and dismissed the complaint. Plaintiff appealed the agency's order to the U.S. Equal Employment Opportunity Commission, Office of Federal Operations ("EEOC"). On February 24, 2005, the EEOC affirmed the agency's order and issued a Notice-of-Right-to-Sue letter. On April 15, 2005, plaintiff filed the instant complaint for race discrimination.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of a complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78, 114 S.Ct. 1673, 1675 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A motion to dismiss will be granted only if the plaintiff has failed to allege an element necessary for subject matter jurisdiction under a given statute. *See* 2A James W. Moore et.al., *Moore's Federal Practice* ¶¶ 12.07-2.1 (2d ed. 1987).

## DISCUSSION

The only issue on this motion to dismiss is whether plaintiff's complaint is time-barred. 29 C.F.R. § 1614.107 states in relevant part, "[p]rior to a request for a hearing in a case, the agency shall

2

dismiss an entire complaint . . . [t]hat fails to comply with the applicable time limits contained in []§ 1614.105." Furthermore, 29 C.F.R. § 1614.105(a) states in relevant part:

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a [EEO]Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.
>
> (2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

As evidenced by plaintiff's email, the allegedly discriminatory act took place on June 25, 2002. Further, it is undisputed that plaintiff failed to meet with an EEO Counselor within the forty-five day window required by 29 C.F.R. § 1614.105(a)(1). As a result, defendant argues, plaintiff has failed to comply with the regulatory requirements and the Court lacks subject matter jurisdiction over plaintiff's complaint. *See Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002).

Plaintiff argues that the forty-five day statute of limitation should not bar her case because her situation falls within the exceptions stated in 29 C.F.R. § 1614.105(a)(2). First, plaintiff claims that she was unaware of the 45-day time limit. *See* Decl. of Shamecca Swisher, ¶¶ 2-5. In a declaration, plaintiff makes numerous statements to that effect, including: "[d]uring the time I have worked at SSA I did not know anything about reporting a complaint of discrimination, it was new to me," "I had no idea . . . that I had to report this sort of thing to an EEO Counselor," "I have never been instructed that I had to report incidents of discrimination to an EEO Counselor," and "[t]here has never been bulletin board posters at my office saying anything about reporting incidents of discrimination [] to an EEO Counselor, let alone that it had to be reported within 45 days." *Id.*

Defendant argues that plaintiff had constructive notice of the 45-day limit on June 25, 2002, when she contacted her union representative who was familiar with the deadline. In *Johnson v. Henderson*, 314 F.3d 409 (9th Cir. 2002), the court held that when a plaintiff retains counsel, she

"gain[s] the means of knowledge of her rights and can be charged with constructive knowledge of the law's requirements." *Id.* at 414. Defendant has not convinced the Court, however, that a union representative is analogous to a lawyer, and the Court declines to extend *Johnson* into new territory.[1] Furthermore, although the 45-day limit should only be tolled in "extraordinary and carefully circumscribed instances," *Carter v. Greenspan*, 304 F. Supp. 2d 13, 23 (D.D.C. 2004), plaintiff's lack of knowledge brings her case clearly under the express terms of § 1614.105(a)(2).

In addition, the Court does not believe that plaintiff's June 25, 2002, email is sufficient to establish a "reasonable suspicion" that a discriminatory act had occurred. *See* 29 C.F.R. § 1614.105(a)(2). The only ground for suspicion raised in the email is the last name of the person hired. It is clear that plaintiff was not aware of other important information, such as race, qualifications, and whether the candidate was hired from within. Plaintiff did not jump to conclusions, but diligently investigated the situation and waited until she found out that only African Americans were on the "Well Qualified List" and that the person hired was not on that list before she complained. Pl. Oppo. Br., Exh. A, at 2. Such conduct should be encouraged.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court DENIES defendant's motion to dismiss (Docket No. 22).

**IT IS SO ORDERED.**

Dated: February 28, 2006

SUSAN ILLSTON
United States District Judge

---

[1] The Court also notes that plaintiff initially proceeded *pro se* in these proceedings.

4