```
 1  KEVIN V. RYAN (SBN 118321)
    United States Attorney
 2  JOANN M. SWANSON (SBN 88143)
    Chief, Civil Division
 3  OWEN P. MARTIKAN (SBN 177104)
    Assistant United States Attorney
 4
        450 Golden Gate Avenue, 10th Floor
 5      San Francisco, California 94102-3495
        Telephone:  (415) 436-7241
 6      Facsimile:  (415) 436-6748
        Email:      owen.martikan@usdoj.gov
 7
    Attorneys for Defendant
 8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| SHAMECCA SWISHER, | ) No. C 05-01546 SI (MEJ) |
|---|---|
| Plaintiff, | ) E-FILING CASE |
| v. | ) STIPULATION OF COMPROMISE SETTLEMENT AND [PROPOSED] ORDER |
| LINDA S. McMAHON, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

IT IS HEREBY STIPULATED by and between the parties, after full and open discussion, that this action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, as amended, be settled and compromised on the following terms:

1.   In full and final settlement of all claims in connection with the above-captioned action, defendant shall do the following:

    A.   Pay plaintiff a total sum of eighty-two thousand five hundred ($82,500) dollars in damages, attorneys fees and costs. Of this amount, thirty-eight thousand ($38,000) dollars shall represent attorney's fees, one thousand ($1,000) dollars shall represent costs, and forty-three thousand five hundred ($43,500) dollars shall represent damages for emotional distress. There shall be no withholding from this amount. Plaintiff understands that this payment will be reported to the Internal Revenue Service ("IRS"), and that any questions as to the tax liability, if any, as a result of this payment is a matter solely between plaintiff and the IRS.

1  The check will be made payable to Shamecca Barnett and Irving Meyer, Esq., and will be mailed
2  to plaintiff in care of her counsel.
3              B.   Process the appropriate personnel actions to promote plaintiff to the
4  position of Service Representative in the Hayward, California District Office of the Social
5  Security Administration, at pay grade 8, step 7, within thirty (30) days of the date of filing of this
6  stipulation.
7              C.   Provide a mentor to assist plaintiff in her career development. The mentor
8  will be a management-level employee who does not work in the Hayward, California District
9  Office of the Social Security Administration.
10      2.   The parties agree that defendant's actions described in Paragraph 1, above, are in
11  exchange for plaintiff releasing and dismissing all claims for compensatory and special damages,
12  back pay, front pay, interest, attorneys' fees, costs, restitution, reinstatement, promotion and any
13  other form of legal or equitable recovery relating to the claims described in her complaint in this
14  action. The parties understand that this amount includes full satisfaction of all claims for
15  attorneys' fees and costs arising from work performed by plaintiff's counsel at all stages of
16  litigation, including, but not limited to, the processing of plaintiff's administrative and district
17  court complaints in connection with the above-captioned action.
18      3.   Plaintiff will accept the terms described in Paragraphs 1 and 2 in full settlement
19  and satisfaction of any and all claims and demands which she, her successors or assignees may
20  now have or hereafter acquire against defendant, the Social Security Administration, or any of
21  their past and present officials, agents, employees, attorneys, or insurers, on account of the events
22  described in plaintiff's pleadings. Plaintiff further agrees to waive a formal accounting of back
23  pay.
24      4.   In consideration of this Agreement and defendant's actions thereunder, Plaintiff
25  agrees that upon receipt of the settlement check, plaintiff's counsel will deliver to defendant's
26  counsel a fully executed Stipulation for Dismissal with prejudice of the above-captioned action,
27  pursuant to Fed. R. Civ. P. 41(a)(1).
28

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
C 05-01546 SI (MEJ)                           2

5. Plaintiff hereby releases and forever discharges defendant, the Social Security Administration, and any and all of their past and present officials, agents, employees, attorneys, insurers, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, or omitted prior to the date he executes this Agreement, which arise from or relate to the claims alleged in her Complaint.

6. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff has been apprised of the statutory language of California Civil Code Section 1542 by her attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning plaintiff's claims and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, this Agreement shall be and remain effective notwithstanding such material difference.

7. This Agreement may be pled as a full and complete defense to any subsequent action or other proceeding involving any person or party which arises out of the claims released and discharged by the Agreement.

8. This is a compromise settlement of a disputed claim and demand, which settlement does not constitute an admission of liability or fault on the part of the defendant, the Social Security Administration, or any of their past and present officials, agents, employees, attorneys, or insurers on account of the events described in plaintiff's complaint in these actions.

9. If any withholding or income tax liability is imposed upon plaintiff based on payment of the settlement sum received herein, plaintiff shall be solely responsible for paying any such determined liability from any government agency thereof. Plaintiff will indemnify and hold harmless the Social Security Administration from any liability it incurs from any

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
C 05-01546 SI (MEJ)                     3

Case 3:05-cv-01546-SI   Document 66   Filed 02/27/07   Page 4 of 5

FEB-21-2007 10:26                                                              P.05/06
FEB-6-2007 16:46 FROM:IRVING MEYER LAW OF 12132379996 TO:14154366748 P.5
02-05-2007 20:38 From-KINKO'S of Livermore         925-961-1333         P.001/001

1  government agency arising out of any failure by plaintiff to pay for any liability she might incur
2  from any government agency.
3      10.  The parties agree that should any dispute arise with respect to the implementation
4  of the terms of this Agreement, plaintiff shall not seek to rescind the Agreement and pursue his
5  original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the
6  Agreement in district court. The parties agree that the district court will retain jurisdiction over
7  this matter for the purposes of resolving any dispute alleging a breach of this Agreement.
8      11.  Each party hereby stipulates that it has been represented by and has relied upon
9  independent counsel in the negotiations for the preparation of this Agreement, that it has had the
10 contents of the Agreement fully explained to it by such counsel, and is fully aware of and
11 understands all of the terms of the Agreement and the legal consequences thereof. It is
12 acknowledged that the parties hereto have, through their respective counsel, mutually
13 participated in the preparation of this Agreement, and it is agreed that no provision hereof shall
14 be construed against any party hereto by virtue of the activities of that party or its attorney.
15     12.  If any provision of this Agreement shall be invalid, illegal, or unenforceable, the
16 validity, legality, and enforceability of the remaining provision shall not in any way be affected
17 or impaired thereby.
18     13.  This instrument shall constitute the entire Agreement between the parties, and
19 may not be altered, modified or otherwise changed in any respect except by writing, duly
20 executed by all of the parties or their authorized representatives.
21     14.  Each party, and counsel for each party, have reviewed this agreement.
22 Accordingly, the rule of construction to the effect that any ambiguities are to be resolved against
23 the drafting party shall not be employed in the interpretation of this agreement.
24
25 DATED: 2.5.07                          _____
26                                        SHAMECCA BARNETT
                                          Plaintiff
27 DATED: 2/6/07                          _____
28                                        IRVING MEYER, ESQ.

SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
C 05-01546 SI (MEJ)                               4

```
 1                                          THE LAW OFFICES OF IRVING MEYER
                                            Attorneys for Plaintiff
 2
 3   DATED: 2/20/07       [signature]
                                            U.S. Social Security Administration
 4
 5   DATED: 2/22/07       [signature]
                                            OWEN P. MARTIKAN
 6                                          Assistant United States Attorney
 7
 8                              [PROPOSED] ORDER
 9
         Pursuant to stipulation, it is so ordered.   [signature]
10
11   Dated:
                                            HON. SUSAN ILLSTON
12                                          United States District Judge
13
...
28
     SETTLEMENT AGREEMENT AND [PROPOSED] ORDER
     C 05-01546 SI (MEJ)              5
```